**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**August 23, 2005**

**PATRICK FISHER**
**Clerk**

STEVEN A. GALBRAITH,

        Plaintiff-Appellant,

v.

THOMAS FAWELL; and
CORRECTIONAL HEALTH,
actually reads The Medical Staff at
C.J.C. i.e., The Correctional
Healthcare Staff;

        Defendant-Appellee.

Nos. 05-1060 and 05-1084

(D. Colorado)

(D.C. Nos. 04-Z-1412, 04-ES-1577)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

Steven Galbraith, a state prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaints brought pursuant to 42 U.S.C. § 1983. Mr. Galbraith also seeks to proceed in forma pauperis (IFP) and requests the appointment of counsel.

Mr. Galbraith filed separate causes of actions against defendants Correctional Health and Dr. Thomas Fawell, which we have consolidated in this appeal. He alleged that each defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution. In

each action, Mr. Galbraith sought to proceed IFP, and the magistrate judge ordered him to provide a certified copy of his inmate trust fund account statement, pursuant to 28 U.S.C. § 1915(a)(2). In the alternative, Mr. Galbraith could have submitted the $150.00 filing fee. Mr. Galbraith failed to cure the deficiencies, and the district court dismissed the complaints without prejudice. Mr. Galbraith now appeals.

We construe Mr. Galbraith's pro se filings in this court liberally, as we are required to do under *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We review for an abuse of discretion the district court's "without prejudice" dismissal for failure to provide prison account statements, as required by 28 U.S.C. § 1915(a)(2). *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that the dismissal of a frivolous action reviewed for abuse of discretion). Abuse of discretion is defined as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion. Mr. Galbraith clearly has not met the requirements of 28 U.S.C. § 1915(a)(2), under which he must submit "a certified copy of the trust fund account statement" to enable the court to determine his qualification for IFP status. We therefore

AFFIRM the order of the district court for substantially the reasons given by the magistrate judge and the district court, DENY the motion for appointment of counsel, and DENY Mr. Galbraith's motion to proceed IFP. Mr. Galbraith is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

Entered for the Court,


Robert H. Henry
Circuit Judge